1  BRIAN E. HOLTHUS (Nevada Bar No. 2720)
   CHARLES T. COOK (Nevada Bar No. 1516)
2  JOLLEY URGA WIRTH WOODBURY
     & STANDISH
3  3800 Howard Hughes Pkwy., 16th Floor
   Las Vegas, Nevada  89169
4  Telephone:  (702) 699-7500
   Facsimile:  (702) 699-7555
5  Email: beh@juww.com
   ctc@juww.com
6  - and –
   DUANE M. GECK (CA Bar No. 114823)
7  DONALD H. CRAM (CA Bar No. 160004)
   ELEANOR M. ROMAN (CA Bar No. 178736)
8  SEVERSON & WERSON
   One Embarcadero Center, Suite 2600
9  San Francisco, CA  94111
   Telephone:  (415) 398-3344
10 Facsimile:  (415) 956-0439
   Email: dmg@severson.com
11 dhc@severson.com
   emr@severson.com
12 (ADMITTED *PRO HAC VICE*)

13 Attorneys for Plaintiff
   ALLY FINANCIAL INC.

14

15              UNITED STATES DISTRICT COURT

16                 DISTRICT OF NEVADA

17

| | |
|---|---|
| 18 ALLY FINANCIAL INC., a Delaware corporation, | Case No. 3:10-CV-00677 |
| 19  Plaintiff, | **[PROPOSED]:** |
| 20  vs. | **TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS LEE A. BOSCH AND HERBERT L. BOSCH, JR.** |
| 21 HERBERT L. BOSCH, JR., Individually and | |
| 22 as Trustee of the Bosch Family Trust dated December 16, 1994; LEE A. BOSCH, | Chief Judge Robert C. Jones |
| 23 Individually and as Successor Trustee of the Bosch Family Trust dated December 16, 1994; | |
| 24 BOSCH MOTORS, INC., a Nevada corporation; Mary Lou Bosch, Individually; | |
| 25 Susan R. Bosch, Individually, | |
| 26  Defendants. | |

27

28

1    The Application of Plaintiff, ALLY FINANCIAL INC. ("Ally"), for an order for writ of

2  attachment and for writ of garnishment or alternatively for a temporary restraining order against

3  Defendants Lee A. Bosch and Herbert L. Bosch, Jr. came on by an emergency motion

4  (application) before the Chief Judge Robert C. Jones, United States District Court Judge for the

5  District of Nevada.

6    The Court, having reviewed Ally's application, the supporting affidavit of Robert

7  Halcovich, the Affidavit of Eleanor M. Roman, the Memorandum of Points and Authorities, and

8  the Request for Judicial Notice finds that Ally has established that it is entitled to the issuance of

9  temporary restraining order, and GOOD CAUSE APPEARING THEREFORE, *only as it pertains to T.R.O.* as follows:

10    1.    Grounds for issuance of a temporary restraining order pursuant to N.R.S. 33.010

11  (2) and (3) against Defendants Lee A. Bosch and Herbert L. Bosch, Jr., exist based upon the facts

12  attested to in the Affidavit of Robert Halcovich and the judicially noticeable documents attached

13  thereto.

14    2.    Defendants are liquidating their assets in order to avoid the effects of Ally's

15  impending judgment.

16    3.    After this action was filed and while Ally's Motion for Summary Judgment was

17  under consideration by the Court, Defendants subdivided some of their real property and sold six

18  of the parcels resulting from the subdivision (Parcel No. 8-9 and 11-4) to third parties for

19  $501,450. Defendants also granted an option to a third party to purchase a seventh parcel (Parcel

20  No. 15). Defendants did so after admitting in their Opposition to Ally's Motion for Summary

21  Judgment liability to Ally, leaving only the amount of Defendants indebtedness to Ally in dispute.

22  [Dkt. No. 57, see Dkt. No. 66]. Defendants have by their actions cause great or irreparable injury

23  to Ally, and continue to transfer their property in violation of Ally's rights respecting the subject

24  action, and tending to render the judgment ineffectual.

25    4.    Ally has alleged a meritorious claim for relief as stated in the Court's Order

26  partially granting Ally's Motion for Summary Judgment [Dkt. No. 66].

27    5.    Defendants, their agents, employees, and all persons acting for them or on their

28  behalf, are hereby immediately restrained and enjoined from transferring any interest in the

19001.0043/2707085.1                                    2                                    3:10-CV-00677

Case 3:10-cv-00677-RCJ-VPC Document 69-2 Filed 05/22/13 Page 3 of 5

1  property described below by lease, sale, pledge, gift, or grant of security interest or otherwise

2  disposing of, encumbering, secreting or transferring possession of the below listed property, in any

3  manner which would prevent, hinder, or delay the levying officer from attaching such property:

4      A.      4134 Autumn Hills Dr., Winnemucca, NV, APN 016-555-04. Net taxable

5  value $273,931;

6      B.      1201 E. Winnemucca Blvd., Winnemucca, NV, APN 16-272-33, 010-147-

7  01 and 016-361-03 to the extent that Parcel Nos. 016-361-03 and 010-147-01 were not subdivided

8  or sold, subject to the following liens:  i) Deed of Trust recorded by the Humboldt County Nevada

9  Recorder July 26, 2004 as Document No. 2004-4045 against Parcel 16-361-03 securing

10 indebtedness in the amount of $190,000; ii) Deed of Trust recorded by the Humboldt County

11 Nevada recorder August 1, 2006 as Document No. 2006-5003 against a portion of Parcel No. 16-

12 272-33 securing indebtedness in the amount of $137,000;  iii) Deed of Trust recorded by the

13 Humboldt County Nevada recorder February 13, 2007 as Document No. 2007-1073 against Parcel

14 No. 16-361-03 securing indebtedness in the amount of $125,000; and iv) Deed of Trust recorded

15 by the Humboldt County Nevada Recorder as Document No. 2010 -4126 July 15, 2010 against

16 Parcel Nos. 16-272-33 and 010-147-01 securing indebtedness in the amount of $350,000.  Net

17 taxable value of APN 16-272-33 is $545,866.  The liens against APN 16-272-33 total $487,000.

18 Therefore, the net value of APN 16-272-33 is $58,866.00.  The net taxable values of APNs 010-

19 147-01 and 016-361-03 after the subdivision are unknown.

20     C.      APN 016-361-12 (Parcel 15), a portion of 016-361-03 which was

21 subdivided in October 2012, subject to an Option held by East Horizons Holdings, LLC a Nevada

22 limited liability company.  The net taxable value of APN 016-361-12 (Parcel 15) is $56,500.

23     D.      The right of shares which one or both Defendants may have in the stock of

24 Bosch Motors Towing, Inc., Bosch Motors, Inc. or any other corporation or company, together

25 with the interest and profits therein;

26     E.      Any right to payment or payment received by Defendants pursuant the

27 Option Agreement entered into with East Horizons Holdings, LLC to purchase Parcel No. 15

28 which is a portion of Parcel No. 016-361-03, as evidenced by the Memorandum of Option

PROPOSED TEMPORARY RESTRAINING ORDER .

1   Agreement and Escrow Instructions recorded by the Humboldt County Nevada Recorder

2   October 18, 2012 as Document No. 2012-5548;

3          F.      Proceeds of the October 18, 2012 sale to East Horizons Holdings LLC, a

4   Nevada limited liability company of Parcels 8, 9 and 11 which constitute portions of APNs 010-

5   147-01 and 016-361-03 to East Horizons Holdings LLC for $89,417.00;

6          G.     Proceeds of the October 18, 2012 sale of Parcel 12 which constitutes a

7   portion of APNs 010-147-01 and 016-361-03 to New Vision Development LLC, a Nevada limited

8   liability company for $183,525.00;

9          H.     Proceeds of the October 18, 2012 sale of Parcels 13 and 14 which constitute

10   a portion of APNs 010-147-01 and 016-361-03 to East Horizons Holdings LLC, a Nevada limited

11   liability company for $228,508.00.

12         6.     This Order shall become effective immediately upon Ally's service of this Order on

13   counsel of record for Defendants by personal delivery and posting of a bond in the amount of

14   $ _10,000_ . Service of a copy of this Order on Defendants' counsel of record shall be

15   accomplished by Ally within 5 business days of the date of this Order

16         7.     An order to show cause hearing shall be held on Ally's application on ~~June~~ MAY 29TH ,

17   2013 at __11:00__ (a.m.)/p.m.

18         8.     Defendants Lee A. and Herbert L. Bosch Jr. are:

19         (a) Entitled to certain exemptions, set forth in subsection 2 of NRS 31.045 and may

20   claim an exemption if it appears that exempt property may be seized;

21         (b) Have the right to file affidavits on their behalf; and

22         (c) May appear personally or by way of an attorney, and present testimony on their

23   behalf at the time of hearing.

24   /// /// ///

25   /// ///

26   ///

27

28

PROPOSED TEMPORARY RESTRAINING ORDER

9.     If Defendants fail to appear, Defendants shall be deemed to have waived their right to the hearing and in such case the court may order the clerk to issue a writ of attachment and a writ of garnishment.

10.     This Order shall remain in effect until modified by further order of this Court.

IT IS SO ORDERED.

DATED this ___ day of May, 2013

_____
Chief Judge Robert C. Jones
United States District Court Judge

PROPOSED TEMPORARY RESTRAINING ORDER .